**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHAUWN NETTLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-CV-00058 AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court is petitioner Shauwn Nettles's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241, and motion for leave to proceed in forma pauperis.  The Court grants Petitioner leave to proceed in forma pauperis, summarily denies the Petition, and dismisses this case without prejudice.

**Background**

Petitioner is incarcerated at the Ste. Genevieve County Detention Center.  He filed the instant Petition pursuant to 28 U.S.C. § 2241, and he states he challenges his pretrial detention in the matter *United States v. Nettles*, No. 4:18-CR-1007 AGF (E.D. Mo. Dec. 6, 2018).  Petitioner previously filed a 28 U.S.C. § 2241 petition to challenge his pretrial detention and criminal proceedings, and raise defenses to the charges against him.  *See Nettles v. United States,* No. 4:22-cv-818-SEP (E.D. Mo. Sep. 7, 2022) ("*Nettles I*").  That petition was summarily denied on September 7, 2022.  The background of the criminal proceedings against Petitioner is described in the *Nettles I* Court's September 7, 2022 Memorandum and Order, and will not be repeated here. However, the Court notes that on April 26, 2023, the government filed a Superseding Information charging Petitioner with knowingly possessing a firearm in furtherance of a drug trafficking crime

in violation of 18 U.S.C. § 924(c)(1), and Petitioner pleaded guilty that same day. Sentencing is set for July 31, 2023.

In the instant Petition, Petitioner again challenges his pretrial detention, attacks the criminal proceedings, and raises defenses on his own behalf. He asserts four grounds for relief: (1) the arresting officer violated his Fourth Amendment rights; (2) "the 'indictment'" is "defective" and violates his Fifth Amendment rights; (3) the Assistant U.S. Attorney is conspiring with the arresting officer to deprive Petitioner of his Fourth, Fifth, and Sixth Amendment rights; and (4) his "unconstitutional detention is a result of racial profiling and agents of the Court appear to join in an agreement and cover up by continuously depriving petitioner of his civil rights." (ECF No. 1 at 6-7). Petitioner avers he did not raise those claims before filing the instant Petition. As relief, Petitioner seeks immediate release from custody, and the opportunity to present evidence and have a hearing in this civil case.

## Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

Generally, pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987). However, to be eligible for relief, such persons generally must exhaust available remedies. *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004) (citing *Fassler*

*v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994). Here, Petitioner admits he did not do so. Also, granting Petitioner the relief he seeks would undermine or interfere with his criminal proceedings and his recently-entered guilty plea, and would order his release from detention. However, the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine or interfere with the proceedings in an ongoing criminal case. *See Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). Finally, as the Honorable Sarah E. Pitlyk noted in *Nettles I,* Petitioner's attempt to circumvent his criminal proceedings is not well taken.

The Court denies the Petition, and because Petitioner has made no substantial showing of the denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Shauwn Nettles's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner Shauwn Nettles's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 is **DENIED**, and this case is **DISMISSED** without prejudice. A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 9th day of May, 2023.

                                                                                        AUDREY G. FLEISSIG
                                                                                        UNITED STATES DISTRICT JUDGE